UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RYAN PAUL CUMMINGS,

        Petitioner,

v.                                    Case No.  6:22-cv-1728-JSS-DCI

SECRETARY, DEPARTMENT OF
CORRECTIONS, *et al.*,

        Respondent.

_____/

## ORDER

This matter is before the court on Petitioner Ryan Paul Cummings' Petition for Writ of Habeas Corpus (Petition, Dkt. 1) filed pursuant to 28 U.S.C. § 2254. Respondents filed a Response (Response, Dkt. 8), and Petitioner filed a Reply. (Reply, Dkt. 11.) Petitioner raises six grounds for relief. For the reasons set forth below, the Petition is denied, but Petitioner is granted a certificate of appealability.

## PROCEDURAL HISTORY[1]

Petitioner was charged with two counts of vehicular homicide (Counts One and Two) and reckless driving (Count Three). (Dkt. 11-1 at 7-9.) In 2001, Petitioner entered a plea of *nolo contendere* to Counts One and Two, and the State *nol prossed* Count Three. (*Id.* at 16.) The state court sentenced Petitioner to two concurrent terms of

---

[1] Petitioner's criminal proceedings span more than two decades and include numerous violations of probation (VOP) and collateral motions.

three years of imprisonment, with credit for one day time served, to be followed by seven years of supervised probation. (*Id.* at 20–22.)  Petitioner did not appeal.

On December 8, 2005, Petitioner admitted violating his probation, and the trial court reinstated his probation. (*Id.* at 26–27.)  Petitioner did not appeal.  On July 25, 2006, Petitioner again admitted violating his probation, and the trial court again reinstated his probation with credit for thirty-three days of time served. (*Id.* at 29–30.) Petitioner did not appeal.  On June 23, 2008, Petitioner admitted violating the terms of his probation. (*Id.* at 14, 35–36.)  The state court revoked Petitioner's probation and sentenced him to 235.35 months of imprisonment with credit for 166 days of time served. (*Id.*)  Petitioner appealed but voluntarily dismissed the appeal. (*Id.* at 38–39.) However,  Petitioner filed a motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a), which the state court denied. (*Id.* at 41–43.)  Petitioner also filed a *pro se* motion for enforcement of plea agreement or to withdraw plea and an amended motion for post-conviction relief, motion for enforcement of plea agreement, or to withdraw plea. (*Id.* at 13.)

On August 1, 2011, Petitioner, through counsel, filed an affidavit in support of his amended motion for post-conviction relief asserting that his attorney did not advise him that he faced a potential maximum sentence greater than the five-year statutory maximum and that, but for counsel's failure to do so, he would not have entered the open plea to the violation of probation. (*Id.* at 46–54.)  The State filed a memorandum of law in response to Petitioner's amended motion for post-conviction relief conceding that the issue regarding the legality of the sentence imposed was not clear under

2

Florida law. (*Id.* at 62–69.) On February 1, 2012, the trial court essentially vacated the sentence of 235.35 months of imprisonment, allowed Petitioner to plead no contest to violating his probation, and resentenced him to a downward departure sentence of concurrent terms of two years' community control to be followed by ten years of probation. (*Id.* at 77–87.)

On February 6, 2018, Petitioner was charged with violating his probation by committing a new law violation for possession of cocaine. (*Id.* at 97–106.) Petitioner pled guilty to the new law violation for possession of cocaine in Pasco County, Florida. (*Id.* at 134.) Thereafter, on March 2, 2018, at the VOP hearing, the state court accepted Petitioner's plea and sentenced him to 240 months in prison with credit for the time he served in the FDOC, which the court calculated to be 235.35 months. (*Id.* at 130, 143–46.) On April 2, 2018, the state court held a status hearing to address issues concerning Petitioner's credit for time served. (*Id.* at 153–69.) The state court vacated Petitioner's sentence because it mistakenly had believed that Petitioner had served 235.35 months in prison. (*Id.* at 163–69.) The state court gave Petitioner an opportunity to withdraw his plea, but he chose not to do so. The state court resentenced Petitioner to 240 months in prison with credit for time served as calculated by the FDOC. (*Id.* at 195–202.)

Petitioner appealed, and while his appeal was pending, he filed a petition for writ of habeas corpus. In both his appeal and habeas action, Petitioner argued that the state court lacked jurisdiction to resentence him and doing so violated the Double Jeopardy Clause. (*Id.* at 205–13, 249–60.) On June 25, 2019, the Fifth District Court

of Appeal of Florida (Fifth DCA) *per curiam* affirmed Petitioner's conviction and sentence on direct appeal. (*Id.* at 290.) On August 14, 2019, the First District Court of Appeal of Florida (First DCA) denied the habeas petition. (*Id.* at 234.)

Thereafter, Petitioner filed a state habeas petition alleging claims of ineffective assistance of appellate counsel. (*Id.* at 307–17.) The Fifth DCA denied the petition. (*Id.* at 368.) Petitioner also filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850 and a motion to correct an illegal sentence under Florida Rule of Criminal Procedure 3.800(a). (*Id.* at 389–408, 476–510.) The state court denied both motions. (*Id.* at 410–14, 536–41.) Petitioner appealed the denial of both motions, and the Fifth DCA *per curiam* affirmed the denial of the Rule 3.800(a) motion. (*Id.* at 455.) Petitioner voluntarily dismissed the appeal of the denial of his Rule 3.850 motion. (*Id.* at 550.)

Petitioner filed the present Petition for federal habeas relief under 28 U.S.C. § 2254. (Dkt. 1.) Because the court can resolve the entire Petition based on the record, an evidentiary hearing is not warranted. *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).

## APPLICABLE STANDARDS

Pursuant to the Antiterrorism Effective Death Penalty Act (AEDPA), a federal court may not grant federal habeas relief with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

> established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

A federal habeas court must identify the last state court decision, if any, that adjudicated the claim on the merits. *See Marshall v. Sec'y, Fla. Dep't of Corr.*, 828 F.3d 1277, 1285 (11th Cir. 2016). When the state court's adjudication on the merits is unaccompanied by an explanation, the habeas court should "look through" any unexplained decision "to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 584 U.S. 122, 125 (2018). The presumption may be rebutted by showing that the higher state court's adjudication most likely relied on different grounds than the lower state court's reasoned decision, such as persuasive alternative grounds briefed or argued to the higher court or obvious in the record it reviewed. *Id.* at 125–26, 132–33.

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).

5

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Parker v. Head,* 244 F.3d 831, 835 (11th Cir. 2001) (quoting *Williams*, 529 U.S. at 412–13). "For a state-court decision to be an 'unreasonable application' of Supreme Court precedent, it must be more than incorrect—it must be 'objectively unreasonable.'" *Thomas v. Sec'y, Dep't of Corr.*, 770 F. App'x 533, 536 (11th Cir. 2019) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003)). If a state court judge fails to resolve the merits of a claim, however, no deference is warranted under § 2254(d)(1). *Calhoun v. Sec'y, Fla. Dep't of Corr.*, 607 F. App'x 968, 970–71 (11th Cir. 2015) (citing *Davis v. Sec'y for Dep't of Corr.*, 341 F.3d 1310, 1313 (11th Cir. 2003)).

Under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court is presumed correct, and the habeas petitioner must rebut the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835–36; 28 U.S.C. § 2254(e)(1).

If the state court applied the correct Supreme Court precedent, the federal court must consider whether the state court unreasonably applied that precedent or made an

unreasonable determination of the facts. *Whatley v. Warden*, 927 F.3d 1150, 1181 (11th Cir. 2019). "'[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision.'" *Id.* at 1175 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). Federal courts may review a claim *de novo* only if the state court's decision was based on an unreasonable application of Supreme Court precedent or an unreasonable determination of the facts. *Id.*

## ANALYSIS

Petitioner presents six related grounds for relief. In Ground One, Petitioner claims the Fifth DCA erred by denying relief on direct appeal because he established that the trial court lost jurisdiction to sentence him to a greater penalty after he completed his sentence in violation of double jeopardy. (Dkt. 1 at 7–9.) Similarly, in Ground Two, Petitioner complains the state court erred by denying his Rule 3.800(a) motion because he demonstrated that his sentence was illegal and violated double jeopardy. (*Id.* at 10–11.) For Ground Three, Petitioner argues that the state courts erred by denying his claim that his sentence was illegal and violates double jeopardy in contravention of *Gallinat v. State*, 941 So. 2d 1237 (Fla. 5th DCA 2006). (*Id.* at 12–14.) In Ground Four, Petitioner contends that the state courts erred by denying him relief where he showed that based on the record his sentence is illegal because it was modified to a greater term after his sentence expired and after the expiration of the "sixty-day rule to modify the sentence." (*Id.* at 15–16.) Petitioner maintains in Ground Five that the state courts erred in denying him relief because his sentence is

illegal as it exceeded the sentence agreed upon in the plea agreement and accepted by the trial court. (*Id*. at 16–17.)  Finally, in Ground Six, Petitioner asserts that the Fifth DCA erred by denying his motion for rehearing of the denial of the appeal of the denial of his Rule 3.800(a) motion in light of *Spear v. State*, 341 So. 3d 1106 (Fla. 2022). (*Id*. at 18–20.)  The court will discuss Petitioner's arguments as to Grounds Four and Six first and then discuss Petitioner's arguments as to Grounds One, Two, Three, and Five.

### A.    Grounds Four and Six

As Respondents argue, Grounds Four and Six are predicated on the state courts' failure to apply Florida Rule of Criminal Procedure 3.800(c)'s time limitation and the Florida Supreme Court's holding in *Spear*. (Dkt. 8 at 15–16.)  Both these grounds assert that the state courts improperly applied state law.

A federal court may entertain a petition for a writ of habeas corpus from a state prisoner who maintains his custody violates the "Constitution or the laws or treaties of the United States."  28 U.S.C. § 2254(a).  Questions of state law are generally insufficient to warrant review or relief under § 2254.  *See Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000) ("The writ of habeas corpus, 28 U.S.C. § 2254, was not enacted to enforce State-

created rights.") (citation omitted); *Carrizales v. Wainwright*, 699 F.2d 1053, 1054-55 (11th Cir. 1983) ("Questions of pure state law do not raise issues of constitutional dimension for federal habeas corpus purposes. A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.") (citation omitted).

Since Grounds Four and Six are based on the state courts' application of state law, they do not raise constitutional issues. Consequently, these grounds provide no basis for habeas relief. Accordingly, Grounds Four and Six are denied.

**B.      Grounds One, Two, Three, and Five**

Petitioner's remaining four grounds essentially assert that the trial court's correction of his sentence by decreasing his credit for time served in the FDOC increased the term of his imprisonment and thus violated the prohibition against double jeopardy.

The Double Jeopardy Clause of the Fifth Amendment provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. Art. V. This clause "protects against successive prosecutions for the same offense after acquittal or conviction and against multiple criminal punishments for the same offense." *Monge v. California*, 524 U.S. 721, 727–28 (1998). The prohibition against double jeopardy, therefore, "may be violated when a defendant's original sentence is increased in a second proceeding." *United States v. Rozier*, 485 F. App'x 352, 357 (11th Cir. 2012) (citing *United States v. Cochran*, 883 F.2d 1012, 1016 (11th

Cir. 1989), *superseded by rule on other grounds as stated in United States v. Diaz–Clark*, 292

F.3d 1310, 1318 (11th Cir. 2002)).  However, "[t]he Constitution does not require that

sentencing should be a game in which a wrong move by the judge means immunity

for the prisoner."  *Bozza v. United States*, 330 U.S. 160, 166–67 (1947).  Under *United*

*States v. DiFrancesco*, 449 U.S. 117 (1980), the "judge may or may not be able, within

the strictures of the Double Jeopardy Clause, to enhance sentence once service has

begun."  *United States v. Jones*, 722 F.2d 632, 637 (11th Cir. 1983).

In this context, "the double jeopardy inquiry turns on the extent and legitimacy

of a defendant's 'expectation of finality in the original sentence[.]'"  *Cochran*, 883 F.2d

at 1016 (quoting *DiFrancesco*, 449 U.S. at 139).  As explained by the Eleventh Circuit

Court of Appeals,

> For the purpose of determining the legitimacy of a defendant's
> expectations, we draw a distinction between one who intentionally
> deceives the sentencing authority or thwarts the sentencing process
> and one who is forthright in every respect.  Whereas the former
> will have purposely created any error on the sentencer's part and
> thus can have no legitimate expectation regarding the sentence
> thereby procured, the latter, being blameless, may legitimately
> expect that the sentence, once imposed and commenced, will not
> later be enhanced.  Under this analysis, unless the statute explicitly
> provides for sentence modification, as in *DiFrancesco*, or the
> defendant knowingly engages in deception, a sentence may not be
> altered in a manner prejudicial to the defendant after he has started
> serving the sentence.

*Jones*, 722 F.2d at 638–39.

Here, the record establishes the following.  On March 2, 2018, after pleading

guilty to possession of cocaine in another court, Petitioner entered a plea of guilty to

VOP.[2]  (Dkt. 11-1 at 113–31.)  At the plea hearing, Petitioner's counsel told the court

that Petitioner had about eight years of FDOC credit for time served, plus credit for

time served in jail.  (*Id.* at 116–17.)  In response to defense counsel's request to again

sentence Petitioner to probation, the court noted that this would be Petitioner's fifth

VOP and it was unwilling to sentence him to anything other than imprisonment.  (*Id.*

at 117–18.)  Because of the confusion contained in the record caused by the number of

Petitioner's prior VOPs and sentences, the prosecutor, defense counsel, and the court

all mistakenly believed that Petitioner had already served approximately 235.35

months in the FDOC.  (*Id.* at 118–22, 126.)  The court, noting that the FDOC would

calculate Petitioner's credit for time served, agreed to sentence him to 240 months, the

bottom of the guidelines, with 235.35 months of credit for FDOC time served.  (*Id.* at

122.)

During the plea colloquy, the judge asked Petitioner if he was satisfied with

counsel to which he responded he was very satisfied with "them getting the 240

months with credit for 235 months. . . ."  (*Id.* at 129.)  When the trial judge asked

Petitioner if anyone had promised him anything different to get him to enter the plea,

Petitioner said nothing other than the 235 months' credit for time served.  (*Id.*).  At

that juncture, the trial judge questioned Petitioner about his continued reference to 235

months of credit for time served and specifically asked him if he had any doubt that he

---

[2] The plea agreement indicated that Petitioner would receive a "240 day" sentence with credit
for "235.35 days" for time served.  (Dkt. 11-1 at 141.)  Thus, the plea agreement did not
contain the sentence that was imposed by the state court.

had served 235 months, to which Petitioner responded he did not. (*Id.*) The trial court then accepted Petitioner's plea and sentenced him to 240 months of imprisonment with 235.35 months of FDOC credit for time served plus his jail credit. (*Id.* at 130.)

Approximately one month later, on April 2, 2018, the trial court held a status hearing concerning Petitioner's sentence after receiving letters from the FDOC about Petitioner's credit for time served. (*Id.* at 152–55.) At that time, Petitioner admitted that he had been sentenced on a previous VOP to 235.35 months of imprisonment, but that sentence had been vacated. (*Id.* at 154.) In contrast to Petitioner's representation at the March 2, 2018 VOP hearing that he did not have any doubt he had served 235 months, Petitioner told the judge that he did not know how the 235-month credit for time served had been calculated. (*Id.* at 154–55.) Concluding that Petitioner only had served approximately seven years in prison, the trial court vacated the sentence and allowed Petitioner an opportunity to withdraw his plea. (*Id.* at 157–71.)

Petitioner chose not to withdraw his plea, and on June 22, 2018, the trial court resentenced him. (*Id.* at 175–202.) Before the trial court resentenced Petitioner, he again expressed that he did not know how he had been awarded 235 months of credit for time served.[3] (*Id.* at 198.) The trial court imposed the same 240-month term of imprisonment without the 235.35-month credit for time served in the FDOC. (*Id.*) The trial court gave Petitioner credit for time served in jail as well as in the FDOC, to be calculated by the FDOC. (*Id.* at 201.)

---

[3] Petitioner also noted that the plea agreement did not reflect that he would receive 235 months of credit for time served. (Dkt. 11-1 at 197.)

Considering the record, Petitioner knew when the court imposed the original VOP sentence that he had not served 235.35 months in the FDOC. When asked by the court whether there was any doubt he had served that time in custody, Petitioner indicated he had no doubt despite knowing he had not served 235.35 months in prison. Thus, Petitioner intentionally deceived the sentencing court and thwarted the sentencing process, knowing that the court intended to sentence him to imprisonment for any remaining term of the minimum guideline sentence. As a result, Petitioner purposely created the sentencing error and could have no legitimate expectation in the sentence he procured. Petitioner, therefore, should have had no legitimate expectation that, once the court's mistake and his deception were discovered, his sentence would not be altered.

In sum, Petitioner has not established that his sentence violates the Double Jeopardy Clause. Petitioner has not shown that the state courts' denial of Grounds One, Two, Three, and Five is contrary to, or an unreasonable application of, clearly established Supreme Court precedent or is an unreasonable determination of the facts in light of the evidence. Accordingly, Grounds One, Two, Three, and Five are denied under § 2254(d).

## C.    Certificate of Appealability

This court should grant an application for certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should only issue when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

In an abundance of caution, because jurists of reason may disagree, the court finds that Petitioner has made a substantial showing of the denial of a constitutional right regarding whether the state courts erred by concluding that the trial court's correction of Petitioner's sentence did not violate the prohibition against double jeopardy. Thus, the court will grant Petitioner a certificate of appealability on that issue. As to the remainder of Petitioner's claims, the court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability is denied as to Petitioner's other claims.

## CONCLUSION

Accordingly, it is **ORDERED** that:

1. The Petition (Doc. 1) is **DENIED**, and this case is **DISMISSED with prejudice**.

14

2. Petitioner is **GRANTED** a certificate of appealability as to only whether the state courts erred by concluding that the trial court's correction of Petitioner's sentence did not violate the prohibition against double jeopardy. A certificate of appealability is **DENIED** as to Petitioner's other claims.

3. The Clerk shall **ENTER** judgment accordingly and is **DIRECTED** to close this case.

**ORDERED** in Orlando, Florida on September 27, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party

15